UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

MICHAEL METZIGIAN,

      Plaintiff,

vs.

W HOTEL MANAGEMENT, INC.
a/k/a MARRIOTT INTERNATIONAL, INC.
a/k/a STARWOOD HOTELS & RESORTS
MANAGEMENT COMPANY, LLC,
a Florida corporation,

      Defendant.
_____/

## **COMPLAINT**

Plaintiff, by and through his undersigned counsel, sues the Defendant, W HOTEL MANAGEMENT, INC. a/k/a MARRIOTT INTERNATIONAL, INC. a/k/a STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, LLC, (hereinafter, "Company"), and alleges as follows:

1. Plaintiff, a former employee of Defendant, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendant, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise 'employer' under the FLSA.

6. At all times material hereto, Defendant was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

7. The Plaintiff was hired as a non-exempt employee by the Defendant.

8. During his employment, the Defendant however had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

9. Specifically, Plaintiff was employed from October of 2005 through September of 2020, with the last remaining title of Purchasing Manager.

10. Plaintiff was paid a straight salary of $63,000 with no overtime payments.

11. Marriott misclassified Plaintiff as exempt from the overtime requirements of the FLSA and failed to pay him overtime wages for the hours he worked in excess of 40 hours in a workweek.

12. This classification is improper because Plaintiff's primary job duty was performing non-exempt work, including receiving, storing, and processing shipments to the property.

13. This includes unloading trucks, logging packages, unpacking boxes, and delivering goods to various areas of the property.

14. What small part of his job that was not physical labor was primarily basic clerical work.

15. In fact, the work he performed much of the same work as hourly employees to whom Defendant pays overtime.

16. Moreover, Plaintiff did not primarily exercise discretion or independent judgment with respect to matters of significance.

17. He did not have any significant judgment in placing orders, as all vendors and prices were determined by contracts negotiated by Defendant's corporate employees.

18. The chefs largely ordered their proteins, meats, vegetables, and canned and dry goods according to market prices.

19. Most purchases were determined and authorized by either the Director of Finance, the Director or Operations, or the Food and Beverage Director.

20. Food orders were based on par inventory or otherwise at the direction of the Food and Beverage Department.

21. Therefore, Defendant cannot meet its burden of proving that his primary job duties qualified Defendant for any exemption.

22. All records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

23. Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I- FLSA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23 above.

24. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

25. By reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: October 13, 2021.    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701